In the Matter of the Application of ABNER KAPLAN, Petitioner, for an Order against RAINISCH BROS., INC., Respondent, Pursuant to Section 1077-c of the Civil Practice Act.

Supreme Court, Special Term, Queens County, June 5, 1936.

*Charles Diringer*, for the motion.

*Harry Lefkowitz*, opposed.

KADIEN, J. This is an application made on behalf of a mortgagee pursuant to section 1077-c of the Civil Practice Act to compel the owner of the equity to pay to the petitioner the surplus produced by the mortgaged premises. It appears that the property consists of a gasoline service station owned and operated by the owner of the fee. This court referred the matter to an official referee to take proof and report as to the reasonable rental value of the premises and the carrying charges thereof. The report of the official referee discloses that the reasonable rental value of the premises for the six-month period prior to the date of this application was $900; that the carrying charges were $576.29; and that there was a loss of $539.72 in connection with the operation of the gasoline station. The referee after properly considering the losses sustained by the defendant in the operation of his business on the mortgaged premises reported fully to this court as aforesaid.

The petitioner now seeks an order directing the owner to pay the sum of $323.71, the difference between the carrying charges and the reasonable rental value, in reduction of his mortgage.

In enacting the moratorium statutes, the Legislature intended to provide relief to property owners to the extent that the latter should be required to pay only interest and taxes. However, the court, under section 1077-c of the Civil Practice Act, may in its discretion make an order applying the surplus income towards the reduction of past due principal. This section specifically provides: " if upon such application it shall appear to the satisfaction of the court that the mortgaged property during the six months prior to the application shall have produced a surplus over and above the taxes, interest and all other carrying charges, then the court may make an order directing the payment of such surplus or such part thereof as the court may determine to the mortgagee to apply toward the reduction of any past due principal."

The primary object of these statutes is to preserve the properties in favor of the owner of the fee. The mortgagor is exempt from amortizing his mortgage as long as the property actually fails to produce a surplus. In determining whether or not there is a surplus, where the premises are rented to third parties, the court must accept the actual rentals received by the owner as income and deduct therefrom the actual carrying charges required to be paid by him. Assuming that the owner had permitted the premises to have remained vacant, the court could not have fixed a fair rental thereof. Where the owner, as in the case at bar, occupies the mortgaged premises and maintains his place of business thereon, the court may fix the fair rental value, from which deductions of the carrying charges and business losses, if any, will be made. The

petitioner contends that the court cannot consider the losses sustained by the owner in the operation of his business, arguing that the mortgagee should not be deprived of his amortization because " the owner is unfit and loses money running the property." This contention is unsound. The Legislature could not and did not intend to permit a mortgagee to dictate to an owner as to the manner in which he should run his business nor as to the amount of rent he should collect therefrom, nor even as to whether or not the mortgagor should allow his premises to remain vacant.

Where as in this application there are actually no funds received by the owner either as rent or as profits in his business, he should not, upon the strength of an imaginary surplus, be compelled to make payments on account of the principal. The moratorium laws intended that the owner should not be required to resort to sources other than the property for the purpose of amortizing the mortgage.

Motion denied.